*Wm. Penn Clark*, for appellee.

●

————— ● ◆ ● —————

## HUMPHREYS *v.* DARLINGTON.

Unless the contrary appears of record, it will be presumed that the decree was authorized by the evidence.

If defendant makes default, a decree *pro confesso* may be rendered against him without evidence in support of the bill.

APPEAL *from Muscatine District Court.*

Opinion by KINNEY, J.    Bill filed by Darlington.    Rule taken on the defendant to plead, answer or demur in ninety days, and cause continued.    Defendant did not appear, and cause was continued from time to time.    Decree at last, by default, and defendant ordered to make to complainant a deed to certain lands, described in the bill; or in default, that the decree operate as such conveyance.

Defendant appeals, and contends that the cause should have been set down for trial, that the allegations of the bill should have been established by proof, before decree rendered, and that the record should have shown that there was a hearing, &c.    This court will presume, unless the contrary appears, that the court had all the necessary testimony to authorize the decree.    But in this case no such presumption is necessary.    Rev. Stat., 108, § 13, provides, that if the defendant shall not file his plea, answer or

demurrer, within the time limited, as aforesaid, the said court may at their discretion render a decree thereon, or order the complainant to prove the allegations of his bill; and such decree may then be made as the court shall think fit. If it appeared affirmatively upon the record that the court rendered a decree upon the merits of the bill without proof, this court would not reverse. The proper course for the defendant was, if he had a meritorious defense, to move to set aside the default and open up the decree. The practice of compelling an appearance, which prevails in England, has never been adopted in this country. Upon proof of service, if the defendant makes default, a decree *pro confesso* may be rendered, without complainant's establishing by proof the allegations in the bill.

Decree affirmed.

*S. Whicher*, for appellant.

*W. G. Woodward*, for appellee.